**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CYNTHIA GARIBAY, an individual,

Plaintiff,

vs.

AMERICAN HOME MORTGAGE CORP., a New York Corporation, WELLS FARGO HOME MORTGAGE, INC., a California Corporation & DOES 1 through 20,

Defendants.

CASE NO. 09cv1460-WQH-CAB

ORDER

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint Or Alternatively for a More Definite Statement ("Motion to Dismiss") filed by Defendant Wells Fargo Home Mortgage, Inc. ("Wells Fargo"). (Doc. # 17).

**I. Background**

On July 7, 2009, Plaintiff Cynthia Garibay initiated this action by filing a Complaint in this Court. (Doc. # 1).

On October 29, 2009, Defendant American Home Mortgage Corp. ("American") filed a "Suggestion of Bankruptcy" with this Court. (Doc. # 8). The Suggestion of Bankruptcy notified the Court that on August 6, 2007, American filed a voluntary petition with the United

States Bankruptcy Court of the District of Delaware.

On November 13, 2009, the Court issued an Order staying this action as to Defendant American only. (Doc. # 11).

On December 1, 2009, Plaintiff filed a First Amended Complaint. (Doc. # 14).

**A. Allegations of the First Amended Complaint**

On July 31, 2006, Plaintiff "purchased a house as a primary residence," located at 1011 Calle Estrella, Brawley, California ("Property"). (Doc. # 14 ¶ 6). "Plaintiff financed the Property by signing a note in the principal amount of $297,500, secured by a first deed of trust from Defendant American, the originating lender." (Doc. # 14 ¶ 7). Wells Fargo is the "current servicing company/lender/beneficiary" of the loan. (Doc. # 14 ¶ 8). "Plaintiff accurately provided her yearly income" during the loan application process, which would have resulted in "Plaintiff [being] unable to qualify for the loan under industry underwriting standards." (Doc. # 14 ¶ 9-10). "Defendant DOE 11" stated Plaintiff's income "well in excess of what [Plaintiff's] 2004 and 2005 federal income taxes indicated" on the loan application, and "submitted the inflated stated [income] amount which American needed to approve the loan." (Doc. # 14 ¶ 10-11). During the loan application process, Plaintiff was not provided with "two copies of the Notice of Right to Cancel" and "the initial disclosure and final disclosure documents." (Doc. # 14 ¶ 12-13). "Based on the foregoing facts, Plaintiff began having difficulty paying her mortgage." (Doc. # 14 ¶ 14).

The First Amended Complaint alleges three federal law claims: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), and Regulation X of RESPA, 24 C.F.R. § 3500, for failure to respond to Plaintiff's Qualified Written Request (Doc. # 14 ¶¶ 30-35); (2) violation of RESPA, 12 U.S.C. §§ 2601 *et seq.*, for failure to give Plaintiff required disclosures (Doc. # 14 ¶¶ 46-51); and (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and Regulation Z of TILA, 12 C.F.R. § 226 (Doc. # 14 ¶¶ 36-45). The First Amended Complaint also alleges the following state law claims: accounting (Doc. # 14 ¶ 34); intentional misrepresentation (Doc. # 14 ¶¶ 15-24); quiet title of the Property (Doc. # 14 ¶¶ 25-29); and violation of California's Unfair Competition Law, Cal.

Bus. & Prof. Code § 17200 (Doc. # 14 ¶¶ 52-55).

**B. Motion to Dismiss**

On December 18, 2009, Wells Fargo filed the Motion to Dismiss. (Doc. # 17). Wells Fargo contends that Plaintiff's claims fail as a matter of law. Wells Fargo contends Plaintiff cannot successfully amend her claims, and therefore requests that the Court dismiss the First Amended Complaint with prejudice, or, alternatively, order Plaintiff to provide a more definite statement.

On January 8, 2010, Plaintiff filed an opposition to the Motion to Dismiss. (Doc. # 18). Plaintiff contends that the Motion to Dismiss should be denied in its entirety, or, alternatively, Plaintiff should be granted leave to amend the First Amended Complaint or submit a more definite statement.

On January 15, 2010, Wells Fargo filed a reply brief. (Doc. # 19).

**II. Discussion**

**A. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**B. RESPA Claim for Failure to Respond to Qualified Written Request**

The First Amended Complaint alleges that Wells Fargo "did not fully provide the requested information" when responding to Plaintiff's Qualified Written Request ("QWR"). (Doc. # 14 ¶ 33). The First Amended Complaint alleges:

> As a result of the failure to respond fully ... to the QWR, Plaintiffs are entitled to actual damages in an amount to be proved as well as statutory damages and attorney fees as Plaintiffs are informed and believe that Wells Fargo has engaged in a pattern and practice of not responding to borrower inquiries especially as they relate to the identity of the note holders as a method of shielding the beneficiary of deeds of trust from proving the[re] exists a valid underlying obligation to the deed of trust for which Wells Fargo is collecting monthly payments and upon which it can be used to foreclose against the property to which the deed of trust is recorded.

(Doc. # 14 ¶ 35).

Wells Fargo contends, *inter alia*, that Plaintiff's claim is insufficiently pled. (Doc. # 17-1 at 7).

Section 2605 of RESPA imposes on loan servicers the duty to timely respond to inquiries concerning a consumer's mortgage loan whenever the loan servicer "receives a qualified written request from the borrower (or an agent of the borrower)." 12 U.S.C. § 2605(e)(1)(a). If a loan servicer fails to comply with the provisions of § 2605, a borrower shall be entitled to "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [§ 2605]." 12 U.S.C. § 2605(f)(1).

**1. Actual Damages**

"Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim." *Molina v. Wash. Mut. Bank*, No. 09cv894, 2010 U.S. Dist. LEXIS 8056, at *20-21 (S.D. Cal. Jan. 29, 2010) (collecting cases); *see, e.g., Pickard v. WMC Mortg. Corp.*,

No. 09-1760, 2009 U.S. Dist. LEXIS 102895, at *21-22 (E.D. Cal. Oct. 20, 2009); *Allen v. United Fin. Mortg. Corp.*, No. 09-2507, 2009 U.S. Dist. LEXIS 83680, at *17 (N.D. Cal. Sept. 15, 2009). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." *Shepherd v. Am. Home Mortg. Servs., Inc.*, No. 09-1916, 2009 U.S. Dist. LEXIS 108523, at *10 (E.D. Cal. Nov. 20, 2009) (citation omitted). Courts "have interpreted this requirement liberally." *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. 09-1504, 2009 U.S. Dist. LEXIS 79094, at *44 (E.D. Cal. Sept. 9, 2009) (plaintiff sufficiently pled actual damages where plaintiff alleged she was required to pay a referral fee prohibited under RESPA).

Plaintiff alleges that "[a]s a result of the failure to respond fully ... to the QWR, Plaintiff[] [is] entitled to actual damages in an amount to be proved...." (Doc. # 14 ¶ 35). Plaintiff fails to plead factual allegations indicating how she was damaged by the failure to respond. The Court concludes that Plaintiff's RESPA claim for actual damages for failure to respond to the QWR is insufficiently pled.

**2. Statutory Damages**

To recover statutory damages, a Plaintiff must plead a pattern or practice of noncompliance with RESPA. *See* 12 U.S.C. § 2605(f)(1)(b).

Plaintiff alleges that she is entitled to statutory damages because "Plaintiffs are informed and believe that Wells Fargo has engaged in a pattern and practice of not responding to borrower inquiries...." (Doc. # 14 ¶ 35). Plaintiff alleges a legal conclusion without including factual allegations supporting the alleged "pattern and practice" of RESPA violations by Wells Fargo. *See Lal v. Am. Home Mortg. Servicing*, No. 09cv1585, 2010 U.S. Dist. LEXIS 3487, at *10 (S.D. Cal. Jan. 19, 2010) (RESPA claim deficient because "Plaintiffs flatly claim a pattern of noncompliance but state no facts other than the assurance that at trial they will present other customers who also did not receive QWR responses from Defendant."); *see also Garvey v. Am. Home Mortg. Servicing, Inc.*, No. CV-09-973, 2009 U.S. Dist. LEXIS 82548 (D. Ariz. Aug. 31, 2009) (same). The Court concludes that Plaintiff's RESPA claim for

statutory damages for failure to respond to the QWR is insufficiently pled.

Plaintiff's RESPA claim for failure to respond to the QWR is dismissed without prejudice.

**C. RESPA Claim for Disclosure Violations**

The First Amended Complaint asserts a second claim for violations of RESPA, alleging that Defendants failed to provide the following documents: "(a) Initial Good Faith Estimate; (b) Final Good Faith Estimate; (c) Notice of Assignment, Sale or Transfer of Servicing Rights; (d) Escrow Account Disclosure." (Doc. # 14 ¶ 50).

Wells Fargo contends that, *inter alia*, Plaintiff's nondisclosure claims under RESPA fail because there is no private right of action under RESPA for disclosure violations, and the claim is insufficiently pled. (Doc. # 17 at 14).

Plaintiff contends that Defendants' failure to give "Notice of Assignment, Sale or Transfer of Servicing Rights" falls under § 2605 of RESPA, which provides a private right of action for borrowers. (Doc. # 18 at 6).

RESPA requires mortgage lenders to disclose the costs associated with real estate closings in order to allow consumers to be better informed and avoid "unnecessarily high settlement charges caused by certain abusive practices...." 12 U.S.C. § 2601. RESPA, however, only provides a private right of action for violations of §§ 2605, 2607 and 2608. *See* 12 U.S.C. § 2614. Section 2605 concerns the servicing of mortgage loans, § 2607 prohibits kickbacks and unearned fees, and § 2608 prohibits sellers from requiring that title insurance be purchased from any particular title company. *See* 12 U.S.C. §§ 2605, 2607, 2608.

Courts have refused to infer a private right of action under other sections of RESPA. *See Bloom v. Martin*, 865 F. Supp. 1377, 1385 (N.D. Cal. 1994), *aff'd*, 77 F.3d 318 (9th Cir. 1996) (section 2603 does not imply a private right of action); *see also Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997) ("[T]here is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it."); *Currey v. Homecomings Fin., LLC*, No. 09-0276, 2009 U.S. Dist. LEXIS 41472 (N.D. Cal. May 1, 2009) (no private right of action exists under §§ 2603 or 2604).

Plaintiff's only RESPA disclosure claim that falls under §§ 2605, 2607, or 2608 is failing to give a "Notice of Assignment, Sale or Transfer of Servicing Rights," which relates to the duties of a loan servicer under § 2605 of RESPA. (Doc. # 14 ¶ 50). Section 2605 requires a loan servicer to provide disclosures relating to the assignment, sale, or transfer of loan servicing to a potential or actual borrower at the time of the loan application, and at the time of transfer. *See* 12 U.S.C. § 2605.

Wells Fargo contends that Plaintiff's claim for disclosure violations is "insufficiently pled." (Doc. # 17-1 at 9). As discussed above, in order to state a claim under § 2605, a plaintiff must adequately allege that defendant's failure to give notice caused the Plaintiff actual harm. *See, e.g., Shepherd*, 2009 U.S. Dist. LEXIS 108523, at *10.

The First Amended Complaint alleges that, "[a]s a result of the conduct of defendants, Plaintiff is entitled to ... recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against amounts owing on the loan, and collect statutory damages and attorney fees." (Doc. # 14 ¶ 51).

As discussed above, Plaintiff has failed to allege with the requisite specificity how the alleged nondisclosures resulted in actual harm. *See Twombly*, 550 U.S. at 555. Likewise, Plaintiff has failed to adequately allege a basis for imposing statutory damages for a "pattern and practice of noncompliance." 12 U.S.C. § 2605(f)(B). Accordingly, Plaintiff's second RESPA claim is dismissed without prejudice.

**D. TILA Claim**

The First Amended Complaint alleges that Defendants violated TILA by: "failing to disclose in writing the ... right of rescission three days prior to closing"; "failing to make written disclosures of the amount being financed"; and engaging in "asset-based lending." (Doc. # 14 ¶¶ 42-43). Plaintiff seeks damages for Defendants' alleged TILA violations.[1] (Doc. # 14 ¶ 45).

Wells Fargo contends that Plaintiff's TILA claim is time barred by the applicable one-

---

[1] Plaintiff states that she "has not sought or requested rescission in the [First Amended Complaint,] although Plaintiff has requested damages for the TILA violations." (Doc. # 18 at 5).

year statute of limitations and equitable tolling does not apply to her claim. Plaintiff contends that equitable tolling should be applied to her TILA claim.

Under TILA, a plaintiff is entitled to damages, attorney's fees, and costs for a lender's failure to comply with its provisions, including material disclosures. *See* 15 U.S.C. § 1640(a). Damages claims under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986); *see also Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under the TILA occurs at the time the loan documents were signed). "The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the [TILA] and adjust the limitations period accordingly." *King*, 784 F.2d at 915. "Equitable tolling focuses primarily on the plaintiff's excusable ignorance of the limitations period.... The doctrine ... does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." *Hensley v. U.S.*, 531 F.3d 1052, 1057-58 (9th Cir. 2008) (quotations omitted); *see also Meyer*, 342 F.3d at 902-03 (dismissing TILA claim and denying equitable tolling because plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations); *Hubbard v. Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir.1996) (finding that plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements").

Plaintiff's loan was originated on July 31, 2006 (Doc. # 14 ¶ 6), and the Complaint was filed on July 7, 2009. Accordingly, Plaintiff's TILA claims are time-barred, unless the doctrine of equitable tolling applies. *See King*, 784 F.2d at 915.

The First Amended Complaint contains no allegations related to equitable tolling. Plaintiff's opposition brief states that Plaintiff "was not made aware of the material disclos[ur]es in connection with her loan until she hired an attorney and a review of her loan

documents were done." (Doc. # 18 at 6). Even if this statement were included in the First Amended Complaint, equitable tolling would be unwarranted based upon this allegation alone, because there would be no showing of due diligence. *See Valdez v. America's Wholesale Lender*, No. 09-02778, 2009 U.S. Dist. LEXIS 118241, at *20 (N.D. Cal. Dec. 18, 2009) ("If the Court were to accept the FAC's allegations of ignorance of the law until informed by counsel as sufficient for a pleading of equitable tolling, every plaintiff could assert the same allegation, and TILA's statute of limitations provision would have no real meaning."). Plaintiff's TILA claim is dismissed without prejudice.

**E. State Law Claims**

The First Amended Complaint alleges that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331, by virtue of the TILA and RESPA claims. (Doc. # 14 ¶ 1). The First Amended Complaint does not allege that diversity jurisdiction exists.

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). Because the Court has dismissed all of the federal law claims against Wells Fargo, the Court declines to exercise supplemental jurisdiction over the state law claims against Wells Fargo pursuant to 28 U.S.C. §1367(c)(3). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.").

**III. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is **GRANTED**. (Doc. # 17). The First Amended Complaint is **DISMISSED** without prejudice as to Defendant Wells Fargo. No later than forty-five (45) days from the date of this Order, Plaintiff may file a motion for leave to amend the First Amended Complaint, accompanied by a proposed second amended complaint.

DATED: March 26, 2010

**WILLIAM Q. HAYES**
United States District Judge